## Commonwealth v. Metz

*Earl R. Etzweiler*, Assistant District Attorney, for Commonwealth.

*Gerald H. Goldberg*, for petitioner.

KREIDER, P. J., September 20, 1968. — Petitioner, John R. Metz, in proceedings before the court pleaded guilty to robbery on January 16, 1964, to the above number and term. He now petitions that he be furnished a copy of the notes of testimony at the expense of Dauphin County.

The law in Pennsylvania governing such requests is the Act of May 1, 1907, P. L. 135, as amended, 17 PS §1802. The act provides in substance that if defendant before or during the trial requested that the proceedings be reported stenographically, he shall receive a copy thereof if requested within 90 days from date of verdict or at any time if in the discretion of the court such request should be granted.

Petitioner's request comes long after the 90 day period provided by the act; indeed it comes almost 3 years from the date of verdict. Once the 90 day period has elapsed the mandatory provision of the Act of May 1, 1907, is no longer applicable and it becomes the responsibility of the courts, through the exercise of sound judicial discretion, to determine whether the request should be granted: Commonwealth v. Weller, 25 D. & C. 2d 43, 12 Cumb. 1 (Adams Co., Sheely, P. J., 1961); Commonwealth v. Singer, 65 Lack Jur. 178 (1965); Lewis v. Clerk of Court, 88 Dauph. 64 (1967).

Petitioner states that he wants a copy of the notes of testimony for the "purpose of appeal". Due to petitioner's long delay and the considerable expense to the county involved, we fail to see any compelling reason why petitioner's request should be granted and that he be furnished his own personal copy of the transcript. Our decision will in no way hinder whatever rights (if any) petitioner may have to appeal his

sentence for there is a copy of the transcript available for his inspection and use at the correctional institution where he is incarcerated. The records in the clerk of the courts' office show that less than one month after petitioner pleaded guilty to robbery and was sentenced on January 16, 1964, the notes of testimony of the proceedings were transcribed and a copy sent to the State Correctional Institution at Camp Hill, Pennsylvania, (the institution where petitioner was then incarcerated) on February 3, 1964. If petitioner is desirous of examining the transcript before taking any appeal all he need do is make a request to the prison authorities and the transcript will be made available for his use.[1]

Furthermore, in the event that petitioner should ever decide to pursue any post-trial remedies in the appellate courts, a transcript will be available to the court on appellate review for the original transcript, which is on file in the Dauphin County Clerk of Courts office, would be certified to the court along with all other documents on file. Since there is a transcript available to the petitioner and a transcript available for appellate review, we do not feel that petitioner's reason, viz., "for the purpose of appeal" justifies the expense involved to the County of Dauphin for preparing another copy of the transcript for the petitioner's own personal possession and use.

A contrary result is neither dictated by the Act of May 1, 1907, or the Constitution. Our decision does not run afoul of Draper v. Washington, 372 U. S. 487 (1963), for in that case it was recognized that the State need not provide a complete stenographic tran-

---

[1] Petitioner has subsequently been transferred from Camp Hill to the State Correctional Institution at Graterford. The transcript originally sent to Camp Hill was undoubtedly transferred to Graterford with him as it is a part of his prison file and is to follow him wherever he may go within the Pennsylvania penal system.

script to an indigent in every case, but that alternative methods could be utilized so long as there was before an appellate court a "record of sufficient completeness" to permit proper adjudication of any claims (p. 499). The County of Dauphin has done more than the minimum required by Draper v. Washington, supra, for it has made available to petitioner a complete transcript for his use in the preparation of an appeal and for the court's use on appellate review. The county need do no more.

And now, September 20, 1968, the petition of John R. Metz is dismissed.